IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,328






EX PARTE WILLIE L. RAY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 007-0396-03 IN THE 7TH JUDICIAL DISTRICT COURT OF
SMITH COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of aggravated assault, and punishment was assessed at forty-five years'
imprisonment. Applicant appealed, and his conviction was affirmed. Ray v. State, No. 12-03-00337-CR (Tex. App. -- Tyler, delivered August 11, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. Applicant's
appellate counsel submitted an affidavit expressing his opinion that a petition for
discretionary review would not have been successful, and that a writ of habeas corpus would
have been a more expeditious avenue for relief on Applicant's claims. Based on counsel's
affidavit, the trial court recommended that relief be denied. However, we disagree. 
Although counsel states in his affidavit that he sent Applicant a letter informing him that a
writ of habeas corpus would be his best avenue for relief, he does not state that he timely
informed Applicant of the court of appeals decision and of his right to file a pro se petition
for discretionary review. 

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 007-0396-03
from the 7th Judicial District Court of Smith County. Applicant is ordered returned to the
point at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: February 1, 2006

DO NOT PUBLISH